IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RAKEEM HILL,

     Petitioner,

 v.                                       Case No.  5D16-2419

STATE OF FLORIDA,

     Respondent.

_____/

Opinion filed July 26, 2016

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Roger Scott, Jr., Orlando, for Petitioner.

No Appearance for Respondent.


PER CURIAM.

     Rakeem Hill ("Hill") was arrested on an outstanding warrant in which he was charged with eighty-eight counts of possession of ammunition by a convicted felon, one count of possession of cannabis with intent to sell or deliver, one count of possession of cocaine with intent to sell or deliver, two counts of possession of a firearm by a convicted felon, and one count of possession of a weapon in commission of a felony.  At his first appearance, Hill was denied bond on all counts by the presiding judge.  Hill has now filed a petition for writ of habeas corpus, requesting that we quash the trial court's "Order

Denying Motion to Set Bond" and direct the trial court to either set bond or, alternatively, to "hold a hearing as to [Hill's] motion to set bond." We deny the petition without prejudice.

Florida Rule of Criminal Procedure 3.131(a) provides, in part, that "[u]nless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime . . . shall be entitled to pretrial release on reasonable conditions." In his petition, Hill correctly notes that he has not been charged with a capital offense or an offense punishable by up to life in prison. However, pursuant to Florida Rule of Criminal Procedure 3.132(a), under certain circumstances, a person arrested for an offense to which he or she may be otherwise entitled to pretrial release may be detained without a bond. Our very limited record contains no transcript of the first appearance hearing, no motion to set bond, and no order denying a motion to set bond. Additionally, Hill's present petition provides no indication as to whether the State filed a motion seeking pretrial detention or whether, at first appearance, the State requested a three-day extension to file such a motion, as it is permitted to do, pursuant to rule 3.132(a).

Accordingly, we deny the petition for writ of habeas corpus, but do so without prejudice to Hill filing a motion with the trial court to set bond. If filed, the trial court is directed to hold an expedited hearing on the motion. This decision is also without prejudice for the State, if it has not already done so, to file a motion for pretrial detention, if appropriate under the present facts of the case. *See* Fla. R. Crim. P. 3.132(b).

Petition for Writ of Habeas Corpus DENIED, without prejudice.

SAWAYA, ORFINGER, and LAMBERT, JJ., concur.

2